FILED
JAN 0 9 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr0256-L |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| LEE VAUGHN WALKER (1), aka "Lee Dog," | |
| Defendant. | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties and a money judgment in the amount of $20,000.00 against the above-named Defendant, LEE VAUGHN WALKER (1), aka "Lee Dog" ("Defendant"), pursuant to Title 21, United States Code, Section 853, as properties constituting, or derived from, any proceeds Defendant obtained directly or indirectly, as the result of the violations, as well as any property used or intended to be used to facilitate the commission of the violation to which Defendant is pleading guilty, as charged in the Superseding Information; and

WHEREAS, on or about January 9, 2009, Defendant pled guilty to Count 1 of the Superseding Information, which plea included consents to the forfeiture allegations of the Superseding Information, including entry of a $20,000.00 judgment against the Defendant in favor of the United States and forfeiture of the following:

    a.    approximately $626 in U.S. currency;

    b.    approximately $718 in U.S. currency;

|   |    |                                                                                                               |
|---|----|---------------------------------------------------------------------------------------------------------------|
| 2 | c. | approximately $2,136 in U.S. currency;                                                                        |
| 3 | d. | approximately $1,360 in U.S. currency;                                                                        |
| 4 | e. | approximately $1,955 in U.S. currency;                                                                        |
| 5 | f. | approximately $500 in U.S. currency;                                                                          |
| 6 | g. | a 1998 Chevy Tahoe V8, bearing California license plate number 3XSH296 and VIN 1GNEK13R3WJ333366;             |
| 8 | h. | a 2004 Nissan Armada V8, bearing California license plate number 5LDP491 and VIN 5N1AA08A34N746851;           |
| 9 | i. | a 2005 Cadillac CTS Sedan V6, bearing California license plate number 6AIM935 and VIN 1G6DP567450188336;      |
| 11| j. | a 1998 Cadillac Deville D'Elegance, bearing California license plate number 4YGR821 and VIN 1G6KE54Y7WU782339;|
| 12| k. | a 2000 Honda Accord 4DR, bearing California license plate number 6AMM960 and VIN 3HGCG6657YG702226; and       |
| 13| l. | a Money Judgment of Forfeiture in the amount of $20,000.00; and                                               |

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant LEE VAUGHN WALKER (1) in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

| | | |
|---|---|---|
| 1 | a. | approximately $626 in U.S. currency; |
| 2 | b. | approximately $718 in U.S. currency; |
| 3 | c. | approximately $2,136 in U.S. currency; |
| 4 | d. | approximately $1,360 in U.S. currency; |
| 5 | e. | approximately $1,955 in U.S. currency; |
| 6 | f. | approximately $500 in U.S. currency; |
| 7 | g. | a 1998 Chevy Tahoe V8, bearing California license plate number 3XSH296 and VIN 1GNEK13R3WJ333366; |
| 8-9 | h. | a 2004 Nissan Armada V8, bearing California license plate number 5LDP491 and VIN 5N1AA08A34N746851; |
| 10 | i. | a 2005 Cadillac CTS Sedan V6, bearing California license plate number 6AIM935 and VIN 1G6DP567450188336; |
| 11-12 | j. | a 1998 Cadillac Deville D'Elegance, bearing California license plate number 4YGR821 and VIN 1G6KE54Y7WU782339; and |
| 13-14 | k. | a 2000 Honda Accord 4DR, bearing California license plate number 6AMM960 and VIN 3HGCG6657YG702226. |

2. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the above assets, Defendant LEE VAUGHN WALKER (1) shall forfeit to the United States the sum of **$20,000.00** pursuant to 21 U.S.C. §853. The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of **$20,000.00** with interest to accrue thereon in accordance with law.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

11. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$20,000.00** to satisfy the money judgment in whole or in part.

//

//

13. The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: January 9, 2009

HON. M. JAMES LORENZ
United States District Court